**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

BARRY AHURUONYE,
    Appellant,

   v.

DEPARTMENT OF THE INTERIOR,
    Agency.

DOCKET NUMBER
DC-531D-14-0587-B-1

DATE: July 15, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Barry Ahuruonye</u>, Hyattsville, Maryland, pro se.

<u>Deborah Charette</u>, Esquire, Washington, D.C., for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1  The appellant has filed a petition for review of the remand initial decision, which found that he failed to prove his claims of discrimination and retaliation in connection with the agency's action denying his within-grade increase. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review, but we expressly MODIFY the remand initial decision to change the disposition from dismissal of the appeal to finding that the appellant failed to establish his affirmative defenses, and to afford him the proper review rights. In all other respects, we AFFIRM the remand initial decision.

¶2        The appellant, a GS-12 Grants Management Specialist, filed an appeal with the Board in which he asserted that the agency failed to grant him a within-grade increase (WIGI) to step 3, effective December 1, 2013. The administrative judge dismissed the appeal for lack of jurisdiction, finding that the evidence did not show that the agency failed to issue an initial decision on the appellant's WIGI request or that it refused to act on a request for reconsideration that would permit the Board to assume jurisdiction. *Ahuruonye v. Department of the Interior*, MSPB Docket No. DC-531D-14-0587-I-1, Initial Decision (July 25, 2014). On petition for review, the Board reversed the initial decision. The Board determined that, while the agency did not grant the appellant a WIGI to step 3, it failed to issue him the required notice that his performance was not at an acceptable level of competence. The Board concluded that, because the appellant's failure to seek reconsideration was based on the agency's failure to provide him with notice of the denial of his WIGI and the opportunity to seek reconsideration of that negative determination, the Board has jurisdiction over the

appeal. *Ahuruonye v. Department of the Interior*, MSPB Docket No. DC-531D-14-0587-I-1, Remand Order, ¶¶ 9-10 (Dec. 29, 2014) (*Ahuruonye* Remand Order). The Board thus ordered the agency to retroactively grant the appellant's WIGI to step 3 and to pay him back pay, interest, and other benefits. In addition, the Board remanded the appeal for adjudication of the appellant's claims of discrimination and retaliation for protected activity. *Id.*, ¶ 11.

¶3 On remand, the appellant clarified that his affirmative defenses included discrimination due to race (African American) and national origin (Nigerian) based on a disparate treatment theory, and retaliation for equal employment opportunity (EEO) activity, for filing a Board appeal, and for whistleblowing. Remand File (RF), Tab 5. The parties made numerous additional submissions. RF, Tabs 6-9, 12-15, 17-23, 26-27, 29 (the appellant); Tabs 11, 24 (the agency).

¶4 The administrative judge issued a remand initial decision based on the written record.[2] RF, Tab 30, Remand Initial Decision (RID). Addressing the appellant's race and national origin discrimination claims, she found that he failed to show any comparator employees were similarly situated to him or that either of the prohibited considerations was a motivating factor in the denial of his WIGI and that, even if he had made such a showing, the agency demonstrated by the considerable documentary evidence of the appellant's performance deficiencies that it would have taken the action anyway. RID at 4-6. Regarding the appellant's claim of retaliation for protected EEO activity, the administrative judge considered that he had filed four EEO complaints. As to the complaints the appellant filed in July 2012 and on November 30, 2012, she found that, while he showed that he engaged in protected activity of which his supervisor who denied his WIGI was aware, he failed to establish a nexus between the activity and the agency's action. RID at 7-8. As to the complaint the appellant filed on October 30, 2013, the administrative judge found that his claim was a bare

---

[2] The appellant did not request a hearing.

assertion and insufficient to meet his burden of proof. RID at 8. And, as to the appellant's complaint filed on April 14, 2014, the administrative judge found that he showed that he engaged in protected activity of which his supervisor was aware and that, based on timing, the agency's action could have been retaliatory such that a nexus was established. She found, however, that the agency showed by clear and convincing evidence that it would have taken the action anyway and that the appellant did not show that its reasons for doing so were pretextual. RID at 8-10. The administrative judge next considered the appellant's claim that the agency retaliated against him for having filed the initial appeal in this case on April 5, 2014. She found that the appellant's supervisor was aware of this protected activity and that the official denial of the appellant's WIGI occurred on May 23, 2014,[3] such that the action could have been retaliatory. RID at 10-11. She found, however, that the appellant failed to establish a nexus between his appeal and the official denial of his WIGI and that, in any event, the agency showed that it would have taken the action, even absent the appellant's Board appeal. RID at 11‑12.

¶5 Finally, the administrative judge considered the appellant's claim that the agency action was in retaliation for his protected whistleblowing, specifically, his disclosure of information regarding improper conduct during several grant approval processes. She considered that the appellant filed a complaint with the agency's Office of Inspector General (OIG), emailed his second-level supervisor regarding these matters, and filed a complaint with the Office of Special Counsel (OSC), but she concluded that the appellant failed to establish a prima facie case of retaliation for whistleblowing regarding these disclosures. RID at 14-17.

---

[3] The memorandum advising the appellant of the denial of his WIGI, RF, Tab 11 at 86, was not a part of the record in the initial proceeding.

Finding that the appellant failed to establish any of his affirmative defenses, the administrative judge dismissed the appeal.[4] RID at 17.

¶6    The appellant has filed a petition for review, Petition for Review (PFR) File, Tab 2, and supplements to his petition for review, PFR File, Tabs 6‑7, the agency has filed a response, PFR File, Tab 8, and the appellant has filed a reply thereto,[5] PFR File, Tab 9.

¶7    On review, the appellant first puts forth a number of arguments that center on when he was told he would be rated for fiscal year 2013, whether the rating period was sufficient, and whether there was adequate evidence to support his rating of Minimally Successful.  PFR File, Tab 2 at 5-14.  The Board already has reversed the agency's action denying his WIGI and ordered the agency to grant it, and the appellant does not suggest that that has not occurred.  The Board directed the administrative judge, on remand, only to consider and analyze the appellant's claims of discrimination and retaliation.  *Ahuruonye* Remand Order, ¶ 11.  As such, these claims which appear to relate to the merits of the agency's action denying the appellant's WIGI are beyond the scope of the Remand Order and will not be considered.  *See Umshler v. Department of the Interior*, 55 M.S.P.R. 593, 597 (1992), *aff'd*, 6 F.3d 788 (Fed. Cir. 1993) (Table).

---

[4] Because the Board already had reversed the agency's action, the administrative judge should not have dismissed the appeal upon finding that the appellant failed to establish his affirmative defenses.  Rather, she should have found that the defenses were not proven.

[5] On April 18, 2016, after the record closed on review, the appellant moved for permission to submit additional evidence.  PFR File, Tab 11.  In a letter acknowledging the appellant's motion, the Clerk of the Board advised him that the Board's regulations do not provide for such pleadings, 5 C.F.R. § 1201.114(a)(5), and that, for the Board to consider the proffered submission, he must describe the nature and need for it, and also must show that it was not readily available before the record closed. 5 C.F.R. § 1201.114(a)(5), (k).  PFR File, Tab 12.  The evidence the appellant seeks to submit involves what he claims transpired at a meeting that allegedly occurred on April 30, 2014.  PFR File, Tab 11.  Because the meeting predates not only the close of the record on review, but also the initial decision, we deny the appellant's request to submit additional evidence concerning the meeting..

¶8        The appellant disputes the administrative judge's finding that he failed to establish that the denial of his WIGI was the result of race and national origin discrimination.   PFR File, Tab 2 at 14-20.   In considering this claim, the administrative judge followed the reasoning in *Savage v. Department of the Army*, 122 M.S.P.R. 612 (2015), wherein the Board clarified the appropriate analysis for discrimination claims and refuted, as having no application to our proceedings, the traditional burden-shifting scheme of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973).  *Savage*, 122 M.S.P.R. 612, ¶¶ 46-51.  Rather, the Board found, the first inquiry is whether the appellant shows by preponderant evidence that the prohibited consideration was a motivating factor in the contested personnel action and, in making that showing, the appellant may rely on direct evidence or any of three types of circumstantial evidence consisting of bits and pieces of evidence from which an inference of discriminatory intent might be drawn, comparator evidence, and/or evidence that the agency's stated reason is a pretext for discrimination.  *Savage*, 122 M.S.P.R. 612, ¶¶ 42, 51.  If the appellant meets his burden, the Board will then inquire whether the agency has shown by preponderant evidence that it still would have taken the contested action in the absence of the discriminatory motive, and, if the agency makes that showing, then reversal of the action is not required.  *Savage*, 122 M.S.P.R. 612, ¶ 51; RID at 4‑6.

¶9        The administrative judge considered the appellant's claim that a comparator employee, B.G., an African-American male, also was denied a WIGI in 2013 and that at least three white employees were granted WIGIs, but she found that the appellant did not thereby demonstrate that his race and national origin were motivating factors in the denial of his WIGI.  RID at 4-5.  She found that the appellant failed to show that any of the comparators was similarly situated to him, or that they were performing the same job duties at the same level, that they reported to the same supervisor, or that they were held to the same standards. The administrative judge went on to find that, even if the appellant had

demonstrated that the comparators were similarly situated, the agency showed by preponderant evidence that it would have denied the appellant's WIGI regardless of his race or national origin and that its stated reason for denying the appellant's WIGI was not a mere pretext for discrimination. RID at 5‑6.

¶10 On review, the appellant argues that the administrative judge placed an unreasonable burden on him to prove disparate treatment. PFR File, Tab 2 at 15‑16. In analyzing the appellant's claim, the administrative judge followed *Savage*, addressing the relevant type of circumstantial evidence that may be considered, including evidence that employees similarly situated to the appellant other than in the prohibited factor received better treatment. *Savage*, 122 M.S.P.R. 612, ¶ 42. Because the appellant's claim of disparate treatment was based on prohibited discrimination, the administrative judge properly used the definition of "similarly situated" prescribed by the Equal Employment Opportunity Commission for such cases, *Spahn v. Department of Justice*, 93 M.S.P.R. 195, ¶ 13 (2003) (observing that comparator employees must have reported to the same supervisor, been subject to the same standards, and engaged in conduct similar to the complainant's), finding that the appellant failed to make such a showing. RID at 5. Therefore, the administrative judge did not place an unreasonable burden upon the appellant to prove this claim, and the evidence to which he refers on review, PFR File, Tab 2 at 16, which concerns agency-wide grant notes, RF, Tab 12 at 46-65, Tab 13 at 10-29, is insufficient to establish his claim.

¶11 The appellant also challenges the administrative judge's alternative finding that, even if he had demonstrated that his comparators were similarly situated, the agency showed by preponderant evidence that it would have denied his WIGI, regardless of his race or national origin. PFR File, Tab 2 at 16. The administrative judge found that the agency submitted dozens of pages of the appellant's work product from the time period in question showing that the results

of his Minimally Successful performance rating were warranted, justifying the denial of his WIGI. RID at 5. While the appellant's claim that the agency's evidence is "falsified" may arguably be considered as an assertion that the agency's stated reason for the action is a pretext for discrimination, *Savage*, [122 M.S.P.R. 612](), ¶ 42, he has failed to support his claim with evidence. To the extent that he is challenging the propriety of his rating, particularly the length of the rating period, PFR File, Tab 2 at 16, we agree with the administrative judge that such assertions do not establish that the denial of the appellant's WIGI was a pretext for discrimination.[6] RID at 6.

¶12    The appellant also challenges the administrative judge's finding that he failed to establish his claim that the agency's action was taken in retaliation for his whistleblowing activities.[7] PFR File, Tab 2 at 24-31. The administrative judge first addressed the complaint the appellant filed in November 2012 with the agency's OIG in which he alleged that his supervisor committed misconduct, abuse of authority, and program mismanagement regarding grant processing. RF, Tab 5 at 122. The administrative judge found that the activity occurred more than a year before the agency's action such that there was no temporal proximity to indicate that it was retaliatory, RID at 16, and further that the appellant failed to establish that his supervisor was aware of the appellant's OIG complaint naming her. The administrative judge also addressed the email the appellant sent to his second-level supervisor (his supervisor's immediate supervisor) on April 19,

[6] On July 13, 2016, the appellant filed a motion for leave to submit exhibits "that recently became available," specifically evidence that comparator employee B.G. "was denied a WIGI due to his race." PFR File, Tab 14. For the reasons set forth above, including that the agency demonstrated by preponderant evidence that it would have denied the appellant's WIGI regardless of his race or national origin, we deny the appellant's motion for leave to submit additional exhibits on this issue.

[7] The appellant does not challenge on review the administrative judge's findings that he failed to establish his claim that the agency's action was in retaliation for his having filed four EEO complaints and the initial appeal in this case. We discern no basis upon which to disturb those findings.

2014, in which the appellant asserted that he had concerns about his relationship with his supervisor and her alleged mismanagement of the grants program. RF, Tab 5 at 62. The administrative judge found that the activity occurred close in time to the official denial of the appellant's WIGI, but that there was no evidence showing that his supervisor was aware of the disclosure, and that, even if the appellant had satisfied this element, he did not establish that the activity was a contributing factor in the agency's denial of his WIGI. Lastly, the administrative judge addressed the complaint the appellant filed with OSC on May 1, 2014. RF, Tab 5 at 78. While the administrative judge found that the activity occurred close in time to the official denial of the appellant's WIGI, she found that he did not demonstrate that his supervisor was aware of it and that, even if she were, the agency presented strong evidence in support of its reasons for denying the appellant's WIGI. RID at 15‑16. The administrative judge concluded, therefore, that the appellant failed to establish that his protected activities were a contributing factor in the agency's denial of his WIGI and that he failed thereby to establish a prima facie case of retaliation for whistleblowing regarding that disclosure. RID at 15‑17.

¶13 In disputing the administrative judge's findings that he failed to establish that any of his protected activities was a contributing factor in the agency's denial of his WIGI, the appellant focuses on his claim that his supervisor, and the agency in general, had a motive to retaliate against him because of his complaints about improper conduct during grant approval processes. PFR File, Tab 2 at 27‑30. The administrative judge acknowledged that the "knowledge/timing" test is not the only way in which an appellant can establish that his protected activity was a contributing factor in the agency's action and that he may provide other evidence, such as that pertaining to the strength or weakness of the agency's reasons for taking the action, whether the protected activity was personally directed at the agency official who took the action, and whether that individual

had a motive to retaliate against the appellant. RID at 14; *Rumsey v. Department of Justice*, 120 M.S.P.R. 259, ¶ 26 (2013). In each instance, the administrative judge found that the appellant did not show that his supervisor had a motive to retaliate against him and that the agency presented strong evidence demonstrating its reasoning for denying the appellant's WIGI. RID at 15‑17; RF, Tab 11 at 15-37, 38-56, 58-84. However, the fact that the appellant's disclosures were directed at his supervisor may have provided her a motive to retaliate against him. Notwithstanding, we agree with the administrative judge that the agency demonstrated that it had strong reasons for denying the appellant's WIGI[8] and that therefore he did not establish that his whistleblowing was a contributing factor in the agency's decision.[9]

¶14    On review, the appellant alleges that the administrative judge failed to sanction the agency for not responding to her order reopening the record. PFR File, Tab 2 at 30-31. After the record closed below, the administrative judge reopened the record to alert the parties to the Board's recently-issued *Savage* decision, and to allow the appellant an opportunity to submit any additional evidence or argument that may be required to meet his burden as set forth in

---

[8] The basis for the Board's reversal of the agency's decision denying the appellant's WIGI to step 3 was not that his actual performance warranted granting the WIGI, but rather that the agency failed to provide him notice that this performance was not at an acceptable level of competence so as to justify denying him a WIGI. *Ahuruonye Remand Order*, ¶¶ 9-10. Similarly, the reason the agency's decision denying the appellant's WIGI to step 2 was reversed was not that his performance warranted a WIGI, but rather the administrative judge's finding that the agency failed to provide him a rating of record before the end of the appraisal period, a requirement for denying a WIGI. *Ahuruonye v. Department of the Interior*, MSPB Docket No. DC-531D-13-1273-I-1, Initial Decision (Feb. 28, 2014).

[9] We need not address the appellant's argument that the agency failed to show by clear and convincing evidence that it would have denied his WIGI, even absent his disclosures. PFR File, Tab 2 at 29. Because the appellant did not make his "contributing factor" showing by the requisite preponderant evidence, the burden of persuasion did not shift to the agency. *Alarid v. Department of the Army*, 122 M.S.P.R. 600, ¶ 14 (2015). This is so despite the fact that the administrative judge made alternative findings on this issue. *See, e.g.*, RID at 14 n.1, 15 n.2.

*Savage*. The administrative judge afforded the agency 10 days from the date of the appellant's response in which to submit a reply, after which the record would again close. RF, Tab 25. The appellant did submit a response, RF, Tab 26, but the agency did not submit a reply.

¶15 The imposition of sanctions is a matter within the administrative judge's sound discretion, and, absent a showing that such discretion has been abused, the administrative judge's determination will not be found to constitute reversible error. *Smets v. Department of the Navy*, 117 M.S.P.R. 164, ¶ 11 (2011), *aff'd*, 498 F. App'x 1 (Fed. Cir. 2012). In this instance, the appellant did not request below that the agency be sanctioned for not replying to his response, and the administrative judge therefore made no determination. In any event, the basis for the reopening concerned the means by which the appellant could meet his burden of proof regarding his affirmative defenses under current case law, a matter which the agency apparently determined did not warrant any action on its part. The appellant has not shown that the agency exhibited bad faith or that sanctions were necessary to serve the ends of justice. 5 C.F.R. § 1201.43. Consequently, we find that the appellant has not shown any abuse of discretion by the administrative judge. *El v. Department of Commerce*, 123 M.S.P.R. 76, ¶ 16 (2015).

¶16 Finally, the appellant argues on review that the Board should sanction agency counsel for allegedly having committed perjury in one of the appellant's previous Board appeals. PFR File, Tab 3 at 5-6. Any such claim is beyond the scope of the Board's Remand Order in the instant case, *see Umshler*, 55 M.S.P.R. at 597, and therefore we will not consider it.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You have the right to request further review of this final decision. There are several options for further

review set forth in the paragraphs below. You may choose only one of these options, and once you elect to pursue one of the avenues of review set forth below, you may be precluded from pursuing any other avenue of review.

Discrimination Claims: Administrative Review[10]

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC). Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)). If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time.

Discrimination and Other Claims: Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your

---

[10] The remand initial decision failed to include notice of the appellant's right to pursue his discrimination claims to the Equal Employment Opportunity Commission or an appropriate U.S. District Court. RID at 18-22. We provide those rights in this Final Order.

discrimination claims and your other claims in an appropriate United States district court. *See* 5 U.S.C. § 7703(b)(2). You must file your civil action with the district court no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court‑appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Other Claims: Judicial Review

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices described in 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the U.S. Court of Appeals for the Federal Circuit or by any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time.

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance

is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through the link below: http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:  _____
                Jennifer Everling
                Acting Clerk of the Board

Washington, D.C.